NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

QUADREE SMITH,                    :
                                  :        Civil Action No. 10-5561 (DMC)
                  Plaintiff,      :
                                  :
           v.                     :        OPINION
                                  :
MICHELE RICCI, et al.,            :
                                  :
                  Defendants.     :

APPEARANCES:

Plaintiff pro se
Quadree Smith
458269
South Woods State Prison
215 Burlington Road South
Bridgeton, NJ 08302

CAVANAUGH, District Judge

     Plaintiff Quadree Smith, a prisoner confined at South Woods

State Prison, seeks to bring this action in forma pauperis

pursuant to 42 U.S.C. § 1983, alleging violations of his

constitutional rights.  Based on his affidavit of indigence, the

Court will grant Plaintiff's application to proceed in forma

pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of

the Court to file the Complaint.

     At this time, the Court must review the Complaint to

determine whether it should be dismissed as frivolous or

malicious, for failure to state a claim upon which relief may be

granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## I.   BACKGROUND

Plaintiff alleges that his Eighth and Fourteenth Amendment constitutional rights were violated while he was housed on "4-wing" at Northern State Prison from June 2006 through April 2010. He alleges that the unit was "unconstitutional" and that "psychological pain" was inflicted upon him through "cruel and unusual psychological punishment" but gives no facts in support of these claims. He states that he suffered "severe psychological side effects and mental trauma" from being housed in that unit. He claims that he was exposed to "sensory deprivations that caused psychological injury."

Plaintiff's statement of claims, though nearly three pages long, does not contain specific facts to describe the alleged constitutional wrongs that were allegedly inflicted upon him by Defendants.

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a

governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

In addition, any complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure.

Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint must plead facts sufficient at least to "suggest" a basis for liability. Spruill v. Gillis, 372 F.3d 218, 236 n.12 (3d Cir. 2004). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what

3

the ... claim is and the grounds upon which it rests.'" <u>Erickson</u>

<u>v. Pardus</u>, 551 U.S. 89, 93 (2007) (citations omitted).

> While a complaint ... does not need detailed factual
> allegations, a plaintiff's obligation to provide the
> "grounds" of his "entitle[ment] to relief" requires
> more than labels and conclusions, and a formulaic
> recitation of the elements of a cause of action will
> not do, <u>see</u> <u>Papasan v. Allain</u>, 478 U.S. 265, 286, 106
> S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to
> dismiss, courts "are not bound to accept as true a
> legal conclusion couched as a factual allegation").
> Factual allegations must be enough to raise a right to
> relief above the speculative level ... .

<u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)

(citations omitted).

The Supreme Court has demonstrated the application of these

general standards to a Sherman Act conspiracy claim.

> In applying these general standards to a § 1
> [conspiracy] claim, we hold that stating such a claim
> requires a complaint with enough factual matter (taken
> as true) to suggest that an agreement was made. Asking
> for plausible grounds to infer an agreement does not
> impose a probability requirement at the pleading stage;
> it simply calls for enough fact to raise a reasonable
> expectation that discovery will reveal evidence of
> illegal agreement. And, of course, a well-pleaded
> complaint may proceed even if it strikes a savvy judge
> that actual proof of those facts is improbable, and
> "that a recovery is very remote and unlikely." ... It
> makes sense to say, therefore, that an allegation of
> parallel conduct and a bare assertion of conspiracy
> will not suffice. Without more, parallel conduct does
> not suggest conspiracy, and a conclusory allegation of
> agreement at some unidentified point does not supply
> facts adequate to show illegality. Hence, when
> allegations of parallel conduct are set out in order to
> make a § 1 claim, they must be placed in a context that
> raises a suggestion of a preceding agreement, not
> merely parallel conduct that could just as well be
> independent action.

4

The need at the pleading stage for allegations plausibly suggesting (not merely consistent with) agreement reflects the threshold requirement of Rule 8(a)(2) that the "plain statement" possess enough heft to "sho[w] that the pleader is entitled to relief."  A statement of parallel conduct, even conduct consciously undertaken, needs some setting suggesting the agreement necessary to make out a § 1 claim; without that further circumstance pointing toward a meeting of the minds, an account of a defendant's commercial efforts stays in neutral territory. ...

Twombly, 550 U.S. at 556-57 (citations and footnotes omitted).

The Court of Appeals for the Third Circuit has held, in the context of a § 1983 civil rights action, that the Twombly pleading standard applies outside the § 1 antitrust context in which it was decided.  See Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) ("we decline at this point to read Twombly so narrowly as to limit its holding on plausibility to the antitrust context").

Context matters in notice pleading.  Fair notice under Rule 8(a)(2) depends on the type of case -- some complaints will require at least some factual allegations to make out a "showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests."  Indeed, taking Twombly and the Court's contemporaneous opinion in Erickson v. Pardus, 127 S.Ct. 2197 (2007), together, we understand the Court to instruct that a situation may arise where, at some point, the factual detail in a complaint is so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8.  Put another way, in light of Twombly, Rule 8(a)(2) requires a "showing" rather than a blanket assertion of an entitlement to relief.  We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests.

5

Phillips, 515 F.3d at 232 (citations omitted).

More recently, the Supreme Court has emphasized that, when assessing the sufficiency of any civil complaint, a court must distinguish factual contentions -- which allege behavior on the part of the defendant that, if true, would satisfy one or more elements of the claim asserted -- and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Although the Court must assume the veracity of the facts asserted in the complaint, it is "not bound to accept as true a legal conclusion couched as a factual allegation." Id. at 1950. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id.

> Therefore, after Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. See Phillips, 515 F.3d at 234-35. As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" This "plausibility" determination will be "a

6

context-specific task that requires the reviewing court
to draw on its judicial experience and common sense."

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009)

(citations omitted).

Where a complaint can be remedied by an amendment, a

district court may not dismiss the complaint with prejudice, but

must permit the amendment.  Denton v. Hernandez, 504 U.S. 25, 34

(1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d

Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane

v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal

pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg

County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III.  SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C.

§ 1983 for certain violations of his constitutional rights.

Section 1983 provides in relevant part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> or Territory ... subjects, or causes to be subjected,
> any citizen of the United States or other person within
> the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other
> proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must

allege, first, the violation of a right secured by the

Constitution or laws of the United States and, second, that the

alleged deprivation was committed or caused by a person acting

7

under color of state law.  West v. Atkins, 487 U.S. 42, 48
(1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir.
1994).

IV.  ANALYSIS

To assess the sufficiency of Plaintiff's Complaint, this
Court must determine whether Plaintiff has made any factual
allegations which may be accepted as true for the purposes of
initial review.  First, the Court must separate out legal
conclusions from any factual allegations in the Complaint.  Doing
so, this Court is left with very limited information.  Separating
out the conclusory language of the Complaint, and accepting
Plaintiff's allegations as true, Plaintiff states that he was
housed on "4-wing" at Northern State Prison from June 2006
through April 2010.  Those facts alone are not sufficient to show
that the plaintiff has a plausible claim for relief.  The
remaining language in the Complaint consists of conclusory
statements which contain no specific facts as to any alleged
wrongdoing by Defendants.

Pursuant to Iqbal, this Court is "not bound to accept as
true [any] legal conclusion couched as a factual allegation."
See Iqbal at 1950.  The conclusory statements in the Complaint
are not sufficient to show that Plaintiff is entitled to relief.

8

V.   <u>CONCLUSION</u>

For the reasons set forth above, the Complaint is dismissed without prejudice for failure to state a claim.[1]  However, because it is conceivable that Plaintiff may be able to supplement his pleading to include sufficient facts to support his allegations, the Court will grant Plaintiff leave to file an amended complaint.[2]  An appropriate order follows.

Dennis M. Cavanaugh
United States District Judge

Dated: 5/2/11

---

[1] The Court notes that "'[g]enerally, an order which dismisses a complaint without prejudice is neither final nor appealable because the deficiency may be corrected by the plaintiff without affecting the cause of action.' ...  The dispositive inquiry is whether the district court's order finally resolved the case." <u>Martin v. Brown</u>, 63 F.3d 1252, 1257-58 (3d Cir. 1995) (quoting <u>Borelli v. City of Reading</u>, 532 F.2d 950, 951 (3d Cir. 1976)) (other citations omitted).  In this case, if Plaintiff can correct the deficiencies of his Complaint, he may file a motion to re-open these claims in accordance with the court rules.

[2] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]." 6 Wright, Miller & Kane, <u>Federal Practice and Procedure</u> § 1476 (2d ed. 1990) (footnotes omitted).  An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit.  <u>Id.</u>  To avoid confusion, the safer course is to file an amended complaint that is complete in itself.  <u>Id.</u>

9